# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RUTH MACKLIN, individually on behalf of herself and others similarly situated,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No. _____ |
| **VANCO HEALTH CARE AND REHABILITATION, INC.** ) ) ) ) | |
| **Defendant.** ) | |

## COMPLAINT

Comes now the Plaintiff Ruth Macklin, individually on behalf of herself and others similarly situated, by and through counsel, and would respectfully submit to the Court the following Complaint:

### JURISDICTION AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff, a resident of Davidson County, Tennessee and the Defendant, who does business in Davidson County, Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. §1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff Ruth Macklin, is an adult resident of the State of Tennessee. Plaintiff was employed by the Defendant Vanco Health Care and Rehabilitation, Inc. ("Vanco") at the time of the alleged events or omissions giving rise to this action.

5. Defendant Vanco is a domestic corporation with its principal place of business located at 1971 Tennessee Ave. North, Parsons, TN 38363-5049. Defendant may be served with process through its registered agent, Kelly Thomas, 1971 Tennessee Ave. North, Parsons, TN 38363-5049.

6. Plaintiff was an employee of Defendant Vanco at the time of the alleged events or omissions giving rise to this action. Plaintiff was a covered employee under the FLSA at all times relevant.

7. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. §203(d) and 29 C.F.R. § 791.2(a)(2012).

8. In addition to the named Plaintiff, Defendant employs and has employed other similarly situated employees.

9. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled and ratified.

## FACTUAL BASIS FOR SUIT

10. This is a collective action under the FLSA, 29 U.S.C. § 201 et. seq. brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by the Defendant and who worked overtime without proper compensation.

11. The collective action claims are for unpaid overtime compensation, liquidated damages, interest and attorney's fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

12. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under 29 U.S.C. §216(b). Plaintiff's consent to be a party to this collection action pursuant to 29 U.S.C. § 216(b) is attached to the Complaint.

13. Plaintiff had worked for the Defendant for approximately 1 year at the time of her termination in the end of June 2016. Accordingly, Plaintiff worked for the Defendant within both the two (2) and three (3) year statutes of limitations under the FLSA.

14. At all times relevant hereto, Plaintiff was compensated on an hourly basis.

15. Plaintiff performed work in excess of forty (40) hours per week on a regular and repeated basis.

16. Under the FLSA, "overtime must be compensated at a rate of not less than one and one-half times the regular rate at which the employee is actually employed: during the first forty (40) hours of work. 29 C.F.R. § 778.107.

17. When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate her at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

18. Specifically, when Plaintiff worked over forty (40) hours per week, Defendant provided Plaintiff a payroll check at her regular rate of pay.

19. Likewise, other similarly situated employees regularly and repeatedly worked more than forty (40) hours per week without proper overtime compensation.

20. Defendant are unable to bear their burden of showing that Plaintiff or those similarly situated fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303 or 541.304.

21. Defendant's failure to pay Plaintiff and those similarly situated overtime wages is a willful violation of the FLSA.

22. Defendant is unable to bear their "substantial burden" of showing their failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines*, 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. § 216(b): 29 U.S.C. §260.

23. Some evidence generally reflecting the number of uncompensated hours worked by Plaintiff and/or potential Plaintiffs and the compensation rate for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owed, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in"

pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorney's fees and costs under the FLSA.

## CAUSES OF ACTION

25. The forgoing facts are incorporated by reference as if fully stated herein.

26. Plaintiff brings the following claim against Defendant: Failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAITNIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA and directing the issuance of notice pursuant to 29 U.S.C. § 216(b) for the claims of this class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting into the collective action;

C. A declaratory judgment that Defendant has willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory and common law damages;

E. An award for Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award for Plaintiff and others similarly situated who opt into this action of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 2116(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

s/Nina Parsley
Nina Parsley, BPR #023818
nina@poncelaw.com
Michael D. Ponce & Associates
Attorneys for Plaintiff
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Telephone: (615) 851-1776